Date Signed:
July 26, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LEONARD GEORGE HOROWITZ,<br><br>   Debtor. | Case No. 16-00239<br>Chapter 13 |
| LEONARD G. HOROWITZ and SHERRI KANE,<br><br>   Plaintiffs,<br><br> vs.<br><br>PAUL J. SULLA, JR., et al.,<br><br>   Defendants. | Adv. Pro. No. 16-90015<br><br>Re: Docket No. 108 |

## MEMORANDUM OF DECISION ON
## MOTION FOR RECONSIDERATION

  The plaintiffs in this adversary proceeding, Debtor Leonard Horowitz and his domestic and business partner, Sherri Kane, seek reconsideration of my decision to dismiss this adversary proceeding.[1] The motion is appropriate for decision without an

---

[1] The motion for reconsideration is Dkt. # 108; my prior decision is Dkt. # 104. As an alternative form of relief, the plaintiffs seek "removal" of this proceeding to the federal district court. "Removal" is a procedure for shifting a case from state to federal court. The procedure for shifting a case from a federal bankruptcy court to a federal district court is called "withdrawal of the reference."

oral hearing.

With one possible exception, the motion contains no arguments or facts that the plaintiffs did not present, or could not have presented, when they filed their initial motion. This is an independently sufficient basis to deny the motion for reconsideration.[2]

The plaintiffs' only arguably new contention is that they have added new federal claims to this case of which this court should take cognizance. They say that, at a hearing on July 7, 2016, in their main bankruptcy case, they filed papers in which they argued that one of the defendants in this adversary proceeding had violated the automatic stay, among other things. The fatal flaw of this argument is that the plaintiffs have not properly asserted those claims in this adversary proceeding. The possibility that the plaintiffs might assert additional claims has nothing to do with whether the court should abstain from deciding the claims that they have properly asserted to date.

Even though the motion does not meet the standard for a motion for reconsideration, I have carefully evaluated the motion and all of the supporting

---

The difference is not only one of nomenclature: the deadlines, procedures, and standards also differ. *Compare* 28 U.S.C. § 1452 (removal) *and* Fed. R. Bankr. P. 9027 (same) *with* 28 U.S.C. § 157(d) (withdrawal of reference), Fed. R. Bankr. P. 5011(a) (same), *and* LBR 5011-1(a) (same). I will deny the request for removal, without prejudice to the district court's consideration of a motion to withdraw the reference.

[2] *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

2

materials. I remain convinced that discretionary abstention is correct, that the plaintiff's claims belong in the State of Hawaii's trial and appellate courts, and that there is no reason for the federal courts to intervene.

I express no opinion on whether the state appellate courts will (or should) affirm or reverse the state trial court's judgment. But a review of the merits of the plaintiffs' central claims further convinces me that the federal courts should not interfere with the state court processes.

The plaintiffs' central contention is that the state court should not have approved Mr. Hester's nonjudicial mortgage foreclosure. If Mr. Hester was entitled to foreclose, all of the plaintiffs' claims fail (with the possible exception of their claims against Stewart Title. That defendant has filed its own motion to dismiss which has not yet come on for hearing.)

The plaintiffs have two primary objections to the foreclosure.

First, they claim that the state court's judgment in the 2005 foreclosure case precludes Mr. Hester from foreclosing the mortgage. This contention is false. The state court refused to enter a decree of foreclosure where the only proven default was the failure to provide insurance. Instead, the court ordered the borrowers to obtain the required insurance and provided that, if insurance was available and the borrowers did not acquire it, the due date for the balloon payment on the debt would be advanced.[3]

---

[3] Dkt. # 108-4 at 22-25.

Nothing in the court's findings or judgment suggests that the court intended to prevent the mortgagee from foreclosing if there were future defaults, such as a failure to make payments.

Second, the plaintiffs claim that they fully repaid the secured debt. This is also false. The plaintiffs "paid" $200,000 of the debt by purportedly offsetting against the mortgage debt a $200,000 jury verdict in their favor and against some of the mortgagees.[4] But the state court later vacated the jury award and dismissed the claims on which it was based.[5] Therefore, as the record currently stands, the plaintiffs did not repay the note in full.

The plaintiffs have other, subsidiary objections to the foreclosure and the state court proceedings. I need not consider all of those objections at this juncture. The point is that, although the plaintiffs think there was a gross miscarriage of justice in the state court, I am not convinced. I see no reason for a federal court to intervene in a case where the state trial court has entered judgments after many years of extensive and hard-fought litigation. I remain convinced that this case belongs in the state appellate courts, rather than in this court.

Therefore, the motion for reconsideration is DENIED.

---

[4] Dkt. # 2 at 7 n.2, 53.

[5] Dkt. # 108-2 at 2-7.

END OF ORDER