Date Signed:
October 14, 2016



SO ORDERED.

Robert J. Faris
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

DISTRICT OF HAWAII

| | |
|---|---|
| In re<br><br>LEONARD GEORGE HOROWITZ,<br><br>                         Debtor. | Case No. 16-00239<br>Chapter 13 |
| LEONARD G. HOROWITZ and SHERRI KANE,<br><br>                         Plaintiffs,<br><br>vs.<br><br>PAUL J. SULLA, JR., et al.,<br><br>                       Defendants. | Adv. Pro. No. 16-90015 |

ORDER DISMISSING ADVERSARY PROCEEDING

The court has entered an order dismissing the chapter 13 bankruptcy case of Debtor Leonard Horowitz. Ordinarily, the dismissal of a bankruptcy case results in the dismissal of all related adversary proceedings, because the dismissal of the case

limits the jurisdiction of the bankruptcy court.[1]

The court issued an order requiring the parties to show cause why this adversary proceeding should not be dismissed. Dr. Horowitz filed a response. No other party responded.

Most of Dr. Horowitz' response is a recitation of his claims in this case. He offers no persuasive reason why the bankruptcy court should retain jurisdiction of those claims after the dismissal of his bankruptcy case.

In the Carraher case,[2] the Ninth Circuit has held that, to determine whether a bankruptcy court should retain jurisdiction over an adversary proceeding after the underlying bankruptcy case has been dismissed, the court must consider four factors: judicial economy, convenience, fairness, and comity.[3]

Applying the Carraher factors in this case, there is no basis for retaining jurisdiction.

Judicial economy weighs in favor of dismissal. The state court has already addressed the same nucleus of operative facts and virtually all of the legal claims

---

[1] LBR 7001-2.

[2] Carraher v. Morgan Electronics, Inc., 971 F.2d 327, 328 (9th Cir. 1992).

[3] Id.; see also Zegzula v. JPMorgan Chase Bank, N.A. (In re Zegzula), BAP No. WW–14–1119–JuKiF, 2015 WL 5786572 (9th Cir. BAP Oct. 2, 2015) (holding that the bankruptcy court did not abuse its discretion in declining to retain jurisdiction over the adversary proceeding when it had previously dismissed the underlying bankruptcy case and found that considerations of judicial economy and fairness did not support the court's retention of jurisdiction over the adversary proceeding).

2

U.S. Bankruptcy Court - Hawaii   #16-90015   Dkt # 128   Filed 10/14/16   Page 2 of 4

asserted in this adversary proceeding. Dr. Horowitz and his co-plaintiff, Ms. Kane, came to the federal court to seek relief because the state court failed to rule in their favor. Judicial economy, among many other policies, disfavors forum shopping of this kind.

Convenience weighs in favor of dismissal. It is more convenient for all parties to continue to litigate in the state court system rather than to start over in this court.

Fairness weighs in favor of dismissal. Most of the defendants were parties to the state court case. Requiring them to relitigate claims based on the same nucleus of fact would be unfair. Dr. Horowitz and Ms. Kane complain that the state court treated them unfairly, but they have an adequate remedy in the state court appellate process.

Comity favors refusing jurisdiction over the adversary proceeding because Dr. Horowitz and Ms. Kane are essentially asking this court to overturn the state court's judgment and circumvent the appellate process in state court. This dispute belongs in the state courts, where it began.

It is also possible that this court lacks subject matter jurisdiction over this adversary proceeding following the dismissal of the bankruptcy case. The Ninth Circuit has explained that, to determine whether a bankruptcy court has jurisdiction over a state law contract action after confirmation of a chapter 11 plan, "the essential inquiry appears to be whether there is a close nexus to the bankruptcy plan or

proceeding sufficient to uphold bankruptcy court jurisdiction over the matter."[4] It is hard to see any nexus, let alone a close nexus, between this particular adversary proceeding and Dr. Horowitz' dismissed bankruptcy case.

Therefore, a separate final judgment will enter dismissing this adversary proceeding.

END OF ORDER

---

[4] In re Ray, 624 F.3d 1124, 1134 (9th Cir. 2010); In re Pegasus Gold Corp., 394 F.3d 1189, 1194 (9th Cir. 2005).

U.S. Bankruptcy Court - Hawaii   #16-90015   Dkt # 128   Filed 10/14/16   Page 4 of 4